UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS LLC,

     Plaintiff,

v.                                      Case No: 6:17-cv-382-Orl-41TBS

T-MOBILE USA, INC.,

     Defendant.

## ORDER

This matter comes before the Court without oral argument on Defendant's Motion to Compel Plaintiff to Provide a Proper Computation of Damages and To Respond to Discovery Requests (Doc. 32). The motion is due to be granted.

## Background

Plaintiff, Local Access LLC brings this lawsuit to recover damages from Defendant T-Mobile USA, Inc. (Doc. 1). Local Access' alleges that T-Mobile owes it "at least $2,254,432.20," together with interest, late fees, and attorney's fees (Id. at ¶¶ 39, 43). T-Mobile denies liability and has filed a dispositive motion for judgment on the pleadings (Docs. 20-21). Now, T-Mobile complains that Local Access' initial disclosures do not contain a computation of its damages or other damages information as required by FED. R. CIV. P. 26(a)(1)A)(iii) (Doc. 32 at 3). It also complains that on May 19, 2017 it served interrogatories and requests for production on Local Access and to date, Local Access has not served objections or responses to this discovery (Docs. 33, ¶ 8; 33-1, 33-2). Local Access has not responded to T-Mobile's motion and the time within to do so has expired (Doc. 32; Docket).

When a party fails to respond, that is an indication that the motion is unopposed. Foster v. Coca-Cola Co., No. 6:14-cv-2102-Orl-40TBS, 2015 WL 3486008, at *1 (M.D. Fla. June 2, 2015) (citing Jones v. Bank of Am., N.A., 564 F. App'x 432, 434 (11th Cir. 2014)); Strykul v. PRG Parking Orlando, L.L.C., Case No. 6:14-cv-211-Orl-31GJK, 2015 WL 789199, at *2 (M.D. Fla. Feb. 24, 2015); cf. Barns v. Butch, No. 5:10-cv-426 (MTT), 2011 U.S. Dist. LEXIS 131500, at *2 (M.D. Ga. Nov. 15, 2011); Kramer v. Gwinnett Cnty., Ga., 306 F. Supp. 2d 1219, 1221 (N.D. Ga. 2004) ("[A] party's failure to respond to any portion or claim in a motion indicates such portion, claim or defense is unopposed."); Hudson v. Norfolk S. Ry. Co., 209 F. Supp. 2d 1301, 1324 (N.D. Ga. 2001) ("When a party fails to respond to an argument or otherwise address a claim, the Court deems such argument or claim abandoned."). The Court treats as unopposed, T-Mobile's motion to compel.

### Discussion

Parties are required to include in their initial disclosures a computation of each category of their damages and, unless privileged, make available for inspection and copying, the materials on which the computation is based. FED. R. CIV. P. 26(a)(1)A)(iii). Local Access has violated its duty to provide this information to T-Mobile.

Local Access has failed to respond to T-Mobile's interrogatories and requests for production and the time within to do so has expired. Generally, the failure to timely assert an objection to discovery is a waiver of that objection unless the Court finds good cause and excuses the waiver. Bailey v. City of Daytona Beach Shores, No. 6:12-cv-71-Orl-18TBS, 286 F.R.D. 625, 627 (M.D. Fla. Oct. 23, 2012). The Court finds no good cause to excuse the waiver in this case, and Local Access' objections, if any, to T-Mobile's interrogatories and requests for production are deemed waived.

One of the categories of information T-Mobile has requested is "all documents filed under seal in support of, or in opposition to, Peerless Network, Inc.'s May 8, 2017 Motion for Sanctions for Litigation Misconduct (ECF No. 343), as filed in Case No. 6:14-cv-00399-PGB-TBS." (Doc. 32 at 18). This request affects non-party Peerless, whose position on the motion is unknown. The Court will want to hear from Peerless before ruling on this request.

Because Local Access has not opposed this motion, it must reasonably expect the motion will be granted, and it should be prepared to fulfill its obligations under Rules 26, 33 and 34. For this reason, the Court will not give Local Access much time to furnish the information it owes to T-Mobile.

If a motion to compel is granted, the court must direct the party whose conduct necessitated the motion, "or the attorney advising that conduct, or both," to compensate the movant for "reasonable expenses incurred in making the motion, including attorney's fees," except in certain limited circumstances, none of which apply here. FED. R. CIV. P. 37(a)(5)(A). T-Mobile shall recover its reasonable fees and costs for the prosecution of this motion.

## Conclusion

T-Mobile's motion to compel (Doc. 32) is **GRANTED**. On or before August 1, 2017, Local Access shall:

(1) Provide to T-Mobile all of the damages information required by FED. R. CIV. P. 26(a)(1)A)(iii).

(2) Answer in full, under oath, all of T-Mobile's interrogatories served on May 19, 2017.

(3) With one exception, produce for inspection and copying, all of the information requested in T-Mobile's requests for production served on May 19, 2017. T-Mobile shall confer with counsel for Peerless and report to the Court in writing, Peerless' position with respect to T-Mobile's request for information that is currently under seal in Case No. 6:14-cv-00399-PGB-TBS. Once that report is filed, the Court will decide what to do with this request.

(4) Pay T-Mobile its reasonable attorney's fees and other costs incurred to prosecute this motion to compel. Within the next 14 days, the parties shall resolve this matter between themselves or T-Mobile shall file its application for fees and costs.

**DONE** and **ORDERED** in Orlando, Florida on July 21, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record