UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LOCAL ACCESS LLC,

    Plaintiff,

v.                                                       Case No:   6:17-cv-382-Orl-41TBS

T-MOBILE USA, INC.,

    Defendant.

## ORDER

This case comes before the Court without a hearing on Defendant T-Mobile's Motion to Compel (Doc. 51). Plaintiff, Local Access, LLC, has filed a response in opposition to the motion (Doc. 55), and the dispute is due to be resolved.

Plaintiff alleges that it provides telephone exchange and other services to Defendant (Doc. 1, ¶¶ 31-35). Plaintiff further alleges that since January 1, 2013, Defendant has failed and refused to pay for Plaintiff's services (Id., ¶ 37). Defendant denies liability and asserts 18 affirmative defenses (Doc. 20).

On September 12, 2017, Defendant served requests for admissions, requests for production, and interrogatories on Plaintiff (Doc. 51 at 1). Plaintiff did not respond to this discovery and on October 18, 2017, counsel for Defendant sent a letter to Plaintiff's counsel stating that the requests for admission were deemed admitted, all objections to the discovery were deemed waived, and that Defendant still expected to receive substantive responses to its requests for production and interrogatories (Doc. 52-4). Plaintiff's counsel did not respond so on October 30, 2017, Defendant's counsel emailed a copy of the letter to Plaintiff's counsel (Doc. 52, ¶ 5). The next day, counsel for

Defendant phoned and left a voicemail asking Plaintiff's counsel to talk by phone about the overdue discovery responses and other matters (Id., ¶ 6). Counsel for Plaintiff did not respond and on November 2 the instant motion was filed (Id.).

A party may be asked "to admit, for purposes of the pending action only, the truth of the matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." FED. R. CIV. P. 36(a)(1). A party has 30 within to respond to requests for admission. FED. R. CIV. P. 36(a)(3). If a party fails to respond within 30 days after being served with the requests, they are deemed admitted. Id. When a request for admissions is admitted, the matter "is conclusively established unless the court, on motion, permits the admission to be withdrawn or amended." FED. R. CIV. P. 36(b).

Plaintiff does not deny that it has failed to respond to Defendant's requests for admissions (Doc. 55). But it argues, the motion to compel "has been rendered moot" based upon the documents it has produced and the deposition testimony it has provided (Id., at 2-4). Plaintiff also argues that its customer list (which Defendant has requested), is confidential, proprietary, and a trade secret (Id., at 3-4). Plaintiff has not supported this conclusory assertion with facts, nor has it cited any legal authority stating that confidential information is not discoverable. Lastly, in its memorandum Plaintiff refers to its own motion for protective order (Id., at 5). That motion does not appear on the docket and the Court does not know what Plaintiff is talking about.

Rule 36 does not recognize document productions or deposition testimony as permissible alternative responses to a request for admissions. Plaintiff did not seek an enlargement of time to respond to the requests; it did not answer or object to the requests; and, Plaintiff has not sought leave of Court to withdraw or amend the

admissions. Consequently, Defendant's requests for admissions numbered 1-6 are deemed admitted for purposes of this action only.

In <u>Bailey v. City of Daytona Beach Shores</u>, 286 F.R.D. 625, 627 (M.D. Fla. Oct. 23, 2012), this Court aligned itself with other courts which have found that if a party fails to respond to discovery within 30 days after service, its objections may be deemed waived. <u>See</u> <u>Enron Corp. Sav. Plan v. Hewitt Assoc., L.L.C.</u>, 258 F.R.D. 149, 156 (S.D. Tex. 2009); <u>Applied Sys., Inc. v. N. Ins. Co. of New York</u>, No. 97 C 1565, 1997 WL 639235, at *2 (N.D. Ill. Oct. 7, 1997); <u>Brenford Envtl. Sys., L.P. v. Pipeliners of Puerto Rico, Inc.</u>, 269 F.R.D. 143 (D.P.R. 2010); <u>Bank of Mongolia v. M & P Glob. Fin. Serv., Inc.</u>, 258 F.R.D. 514, 518 (S.D. Fla. 2009); <u>Siddiq v. Saudi Arabian Airlines Corp.</u>, No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011).

Plaintiff has not explained its failure to respond in writing to Defendant's discovery (Doc. 55). Its argument that all of the discovery is now mooted by the documents and deposition testimony it has provided is not persuasive. Plaintiff has not stated when those document productions or depositions occurred, what exactly was produced or testified to, or how or why the documents and testimony constitute a full and complete response to the discovery. Plaintiff has also not requested leave of Court to make out-of-time objections.

The record supports a finding that Plaintiff has flagrantly violated its discovery obligations and any objections it might otherwise have validly asserted in response to Defendant's discovery are deemed waived. Consequently, the motion to compel is **GRANTED**. Within **10 days from the rendition of this Order**, Plaintiff shall provide full and complete written responses to Defendant's requests for production and interrogatories.

When a court grants a motion to compel, or if the discovery is provided after the motion is filed, the moving party is entitled to recover its reasonable expenses in making the motion, including attorney's fees, unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(a)(5)(A). None of the exceptions apply. Now, the Court finds that Plaintiff is liable to Defendant for reasonable attorney's fees and costs incurred in connection with the motion to compel. Within **14 days from the rendition of this Order** Defendant shall make application for its fees and costs. Plaintiff will then have 14 days to respond. The parties may avoid this process by notifying the Court within the next 14 days that they have resolved the issue between themselves.

**DONE** and **ORDERED** in Orlando, Florida on November 17, 2017.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record